# HARRISON DILLS
## v.
## ALEXANDER F. POOL.

EVIDENCE.—The court is of opinion that all proper testimony should have been permitted to go to the jury to show by whom the debt to the Grand Lodge was paid, how paid, what and whose property paid it, what was the compromise under which it was paid, and who were the parties to the compromise, and the court below erred in not permitting these questions to be answered by the witnesses.

APPEAL from the Circuit Court of Adams county; the Hon. J. H. WILLIAMS, Judge, presiding.   Opinion filed September 21, 1883.

Mr. GEORGE W. FOGG, for appellant; that where premises are sold subject to a mortgage as part of the purchase money, the grantee, as between himself and the grantor, is bound to pay, and is liable to an action on the part of the grantor, for breach of contract in not paying, cited Campbell v. Shrum, 3 Watts, 60; Trevor v. Perkins, 5 Wharton, 244, 253; Young v. Stone, 4 Watts & S. 45; Blank v. Gorman, 5 Id. 33; Dubbs v. Finiley, 2 Barr. 397.

Purchase money for land sold may be recovered under the common counts: Elder v. Hood, 38 Ill. 533; Shepard v. Little, 14 John. 212; Lora v. Adams, 19 Ill. 167; Jackson Co. v. Hall, 53 Ill. 440.

As to releases: Com. Digest, release A, 1; Bacon's Abr. release A; 2 Chitty on Pleading, 455; Benjamin v. McConnell, 4 Gilm. 545; Chapman v. McGrew, 20 Ill. 101; White v. Walker, 31 Ill. 434; Dickerson v. Comm'rs, 6 Porter, 128; Carpenter v. King, 9 Metcalf, 511; Coke on Littleton, 36 n.

A release without a seal or consideration is void: Crawford v. Millspaugh, 13 John. 87; Jackson v. Steckhouse, 1 Cowen, 122; Addison on Contracts, §§ 362, 363.

Undertakings and promises not under seal nor supported by a valuable consideration, are void: Addison on Contracts, § 3;

Bishop on Contracts, § 407; Pollock's Pr. of Con. Ch. 4, 151.

As to a sufficient consideration: 2 Kent's Com. 464; Pollock's Pr. of Con. 162; Addison on Contracts, §§ 4, 20; Bishop on Contracts, § 418; Utica & S. R. R. Co. v. Brinckerhoff, 21 Wend. 139.

Where plaintiff holds an agreement, not merely to indemnify, but an express promise to pay a debt, it is not a case of contract for indemnity and a plea of *non damnificatus* is not admissible, and a failure to perform the act agreed on gives the plaintiff at once a right of action. The measure of the damage is the debt agreed to be paid: How v. Hill, 29 Mo. 275; *In re* Cutler v. Sothern, 1 Saunders, 117; Wicher v. Happack, 6 Wallace, 99; *In re* Negus, 7 Wend. 503; Part v. Jackson, 17 John. 239; Sedgwick on Damages, 6th ed. 368.

As to when a verdict will be set aside where counsel have used language calculated to degrade the opposite party, by statements of facts not in evidence: Winter v. Sass. 4 C. L. J. 296; Hennies v. Vogel, 87 Ill. 244; Cobble v. Cobble, 79 N. C. 589.

Messrs. EWING & HAMILTON, for appellee; that it was competent for appellant to release appellee from any or all liability on the contract sued on, and it is immaterial whether such release was in writing, under seal, or by parol, provided there was a sufficient consideration for such release, cited Benjamin v. McConnell, 4 Gilm. 545; White v. Walker, 31 Ill. 434.

This court should not consider this case until counsel present a full and complete abstract according to the rules: Shackleford v. Bailey, 35 Ill. 391.

To incorporate in the abstract, matter not found in the record is reprehensible: Hennies v. Vogel, 87 Ill. 245.

DAVIS, J. Appellant sued appellee in assumpsit to recover damages for an alleged breach of contract.

In December, 1876, appellant, who was then a resident of Payson, in this State, was the owner in fee of two lots in the city of Quincy, Illinois, on which were erected two business buildings. On the 22d day of that month a written

Dills v. Pool.

agreement was entered into between appellant and appellee, substantially to the effect that appellant had sold and conveyed to appellee the said Quincy property for $20,000, to be paid by appellee assuming an incumbrance of $6,000 in favor of E. H. Buckley et al., trustees, executed by Harrison Dills and Francis E. Dills, with interest at ten per cent. per annum, payable semi-annually; also an incumbrance of $6,177, executed by the same parties in favor of William Avis, trustee, with interest at eight per cent. per annum, payable annually. And it was further agreed that appellee should take up the notes and deeds of trust given on said property and give his own in lieu thereof, provided said appellant should obtain the consent of the parties holding said obligations to such an exchange; but in case said trustees should not consent to such change, then the obligations given by said appellant against the property should remain as they were until the same became due and payable, when appellee agreed to pay the same as specified.

It was further specified in said written agreement that the appellee, in full and final payment of the said property, had on the same day executed good and sufficient warranty deeds to eight hundred acres of land lying in Bolinger county, Missouri, and he agreed he would obtain of Mary Pool, his wife, a transfer of all her right and interest in and to said lands. It was further agreed that each party should have possession of all the property conveyed to each, on the 1st day of January, 1877; but that appellant should have until the 1st day of February thereafter to pay and liquidate any and all claims or incumbrances over and above the $12,177 specified and assumed in said deed from Dills to Pool, and it was further agreed that Silas A. Meredith should hold the deeds until the 1st of January, 1877, when he should deliver them to the parties to whom executed.

The incumbrance of $6,000 specified in the written agreement as being in favor of E. H. Buckley et al., was a deed of trust executed by appellant and his wife, May 22, 1875, conveying to said Buckley and another the land described therein, in trust to secure to one Almeron Wheat the payment of a

note of $3,000 dated same day, payable in four years, with interest at ten per cent. per annum payable semi-annually; and also a certain other deed executed by same parties and of same date, conveying to said Buckley and another the land described therein, in trust to secure to one Frederick V. Marcy the payment of a note of $3,000 dated same day, payable in four years, with interest at ten per cent. per annum payable semi-annually.

The other incumbrance of $6,177, in favor of William E. Avis, was a deed of trust executed by appellant and his wife, October 26, 1876, conveying to said Avis the land therein described, in trust to secure to the Grand Lodge of Illinois Free and Accepted Masons the payment of a note for $6,177.59 of same date, with interest at eight per cent. per annum, and all payable on or before the 24th of May, 1879.

It is claimed by appellant, and he so testified on the trial below, that appellant did not pay off either of the incumbrances which he assumed to pay, and that there remains due on the Wheat and Marcy debt the sum of $819.10; and on the Grand Lodge note, since Jan'y 1, 1877, the sum of $8,985.59.

On the other hand appellee claims, and he testified in his own behalf on the trial, that the debt to the Masons had been paid off and appellant's note surrendered to him; that he paid off that indebtedness and secured the note to be returned to Dills. Not that he took up and returned the note to appellant himself, but he negotiated the matter.

It seems from other evidence—for the parties themselves do not give a full and clear statement of the facts connected with this branch of the case—that shortly after the purchase of the Quincy property by appellee, the Grand Lodge of Masons released the property, but still held the note of Dills and took from appellee his note and a new trust deed on same property to secure it. Appellee failing to pay his note, suit was brought upon it by the Grand Lodge. A compromise was afterward effected with appellee, under which the lodge agreed to accept 800 acres of land in Missouri, and to surrender to appellee his note and to appellant the note held by the lodge against him. A deed for 400 acres of this land was

Dills v. Pool.

executed to the lodge by appellee and wife, and a deed for the other 400 acres by H. C. Dills, a son of appellant, and the notes surrendered as agreed.

On the cross-examination of appellee by appellant, he was asked if the Missouri land with which the note was paid was the same land he gave Dills for the Quincy property. The court sustained an objection and refused to permit the question to be answered. The court also refused to permit him to answer the question whether the title to the Missouri land was in him, and whether he gave anything in payment of the debt except the 800 acres of land. The court also, when appellant was recalled, refused to permit him to answer the question, who paid off the note in controversy and debt to the Masons, and also whether it was his land that was turned over to the Masons in payment of the debt.

It is apparent that the 800 acres of land which paid the debt of $6,177.59 due by appellant to the Grand Lodge of Masons, which, in the purchase of the Quincy property, appellee assumed and agreed to pay, were the 800 acres conveyed by appellee to appellant, and represented the sum of $7,823, which was the balance of the purchase money agreed to be paid for the Quincy property. Now, if the debt to the Grand Lodge, which by the agreement of the parties became the debt of appellee, was really paid by the 800 acres of land belonging to appellant, then the debt, instead of being paid by appellee according to the terms of the contract, was paid by appellant, or else he has received no part of the balance of the purchase money of his Quincy property, represented by the sum of $7,823, for which the 800 acres of land were conveyed by appellee to appellant. It seems only 400 acres of this land were conveyed by appellee to the Grand Lodge in discharge of the debt, and the other 400 acres were conveyed to the lodge by the son of appellant, and appellant, when recalled, testified in rebuttal that the 800 acres of land turned over to the Masons was his land, and was the land appellee sold him in part payment of the property in Quincy, and was turned over to the Masons by appellee on account of and by directions of appellant.

It seems to us the court below erred in not permitting the questions asked to be answered by the witnesses. All proper testimony should be permitted to go to the jury, to show by whom the debt to the Grand Lodge was paid, how paid, what and whose property paid it, what was the compromise under which it was paid and who were the parties to the compromise

For these reasons the judgment of the court below, which was for appellee, must be reversed and the cause remanded.

Judgment reversed.